```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LOVELETTE BURNS, on behalf of herself and    :
others similarly situated,                   :
                                             :
                              Plaintiff,     :
                                             :              MEMORANDUM & ORDER
              -against-                      :               13-CV-5610 (DLI) (CLP)
                                             :
HAVEN MANOR HEALTH CARE CENTER,              :
LLC,                                         :
                                             :
                              Defendant.     :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Lovelette Burns ("Plaintiff") filed the instant action against her former employer, Defendant Haven Manor Health Care Center, LLC ("Haven Manor" or "Defendant"), on behalf of herself and similarly situated current and former non-exempt hourly nurses of Haven Manor (collectively, "Hourly Nurses"), alleging that Haven Manor failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, New York Labor Law ("NYLL"), § 190 *et. seq.*, and 12 N.Y. Comp. Codes R. & Regs. §§ 142-2.1 and 142-2.2. (*See* Complaint ("Compl."), Dkt. Entry No. 1.) Haven Manor filed a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, challenging the sufficiency of the pleadings under the standard articulated in *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). (*See* Def.'s Mem. of L. in Supp. of Mot. for J. on Pleadings ("Def.'s Mem."), Dkt. Entry No. 27.) For the reasons set forth below, Haven Manor's motion for judgment on the pleadings is granted and this action is dismissed.

# BACKGROUND[1]

Plaintiff worked as a nurse at Haven Manor, a residential health care facility, from June 2000 through January 2013. (Compl. ¶¶ 1-2, 7.) During the period at issue, the final six years of her tenure with Haven Manor, Plaintiff was paid an hourly wage that varied from $17.34 to $18.3459. (*Id.* ¶ 7.) In a standard week, Plaintiff was scheduled to work 37.5 hours. (*Id.* ¶ 13.)

Plaintiff alleges that three time keeping practices at Haven Manor resulted in Hourly Nurses receiving compensation for 37.5 hours of work per week, yet they worked more than forty hours per week. First, Plaintiff alleges that Haven Manor "improperly penalize[ed] Hourly Nurses by configuring the time clocks to round down and artificially reduce the amount of time Hourly Nurses are credited with performing work at the Defendant's facilities if they arrive beyond five (5) minutes after the scheduled start of their shift." (*Id.* ¶ 3.) With respect to this rounding practice,[2] Plaintiff alleges that she "clocked in approximately fifteen (15) minutes late on one (1) shift during the week of approximately February 15, 2010 – February 19, 2010, for which she was penalized and recorded as clocked in 30 minutes after the start of her shift resulting in a fifteen (15) minute penalty even though [Plaintiff] was engaged in essential and integral work on the Defendant's behalf during" the penalty period. (*Id.* ¶ 7.)

Second, Plaintiff alleges that Haven Manor "request[ed] that Hourly Nurses perform off-the-clock work after clocking out, thereby depriving Hourly Nurses of wages and overtime compensation to which they are entitled by law." (*Id.* ¶ 3.) With respect to this practice, Plaintiff alleges that, "during the week of approximately December 17, 2012 through December 21, 2012, [she] worked for 15-90 minutes without compensation after 2 of her shifts." (*Id.* ¶ 7.)

---

[1] The following facts are taken entirely from Plaintiff's Complaint, which is presumed to be true at this stage of the proceeding. *See, e.g.*, *Dejesus v. HG Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

[2] Rounding practices are not *per se* unlawful. 29 C.F.R. 785.48(b).

2

Finally, Plaintiff alleges that Haven Manor "interrupt[ed] uncompensated Hourly Nurse meal breaks with work requests and require[ed] that Hourly Nurses work through their automatically deducted meal breaks without compensation." (*Id.* ¶ 3.)  With respect to this practice, Plaintiff alleges that, "during the week of approximately January 7, 2013 through January 11, 2013, [Plaintiff] worked for 15 minutes without compensation during each of her 5 meal breaks." (*Id.* ¶ 7.)

Plaintiff asserts that Haven Manor's time keeping practices resulted in unpaid overtime wages in violation of the FLSA.[3] (*Id.* ¶¶ 40-50.)  Additionally, Plaintiff asserts supplemental state law claims. (*Id.* ¶¶ 51-64.)

## LEGAL STANDARD

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).  "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Id.*  "To survive a Rule 12(c) motion, [the] 'complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A complaint must be dismissed if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[3] Plaintiff does not allege a "gap-time claim" under the FLSA, nor could she.  A "gap-time claim" is "one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." *Lundy*, 711 F.3d at 115.  Such claims are not viable under the FLSA in this Circuit.  *Id.* at 116 ("[W]e now hold that [the] FLSA does not provide for a gap-time claim even when an employee has worked overtime.").

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

I. **FLSA Claims**

    A. **Legal Standard**

Under the FLSA, an employee who works in "excess of forty hours" shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *see also Lundy*, 711 F.3d at 113-14. In a trio of cases from 2013, the Second Circuit clarified the pleadings standard for asserting such claims, known as FLSA overtime claims. *See Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at *2 (S.D.N.Y. Jan. 13, 2014) (discussing cases). In this action, the parties dispute whether the complaint complies with the Second Circuit's pleadings standard.

The Second Circuit announced the pleadings requirement for FLSA overtime claims in *Lundy*, concluding that, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. In affirming dismissal of the complaint, the Circuit found "no plausible claim that [the] FLSA was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id*. For example, one of the plaintiffs alleged that she "was 'typically' scheduled to work three shifts per week, totaling 37.5 hours." *Id*. She alleged that her employer required her to work without compensation during her thirty-minute lunch break, before and after shifts, and at a monthly staff meeting lasting approximately thirty minutes. *Id*. at 115. The Circuit explained that allegations regarding "typical" practices fall short of the requisite

4

specificity because such claims "invite[] speculation" as to whether the plaintiff worked more than forty hours in any given week.  *Id*.  Indeed, this opinion underscored the requirement that the alleged unlawful practices must result in work performed in excess of forty hours.  *See id*. ("[Plaintiff] has not alleged that she ever *completely* missed *all three* meal breaks in a week, or that she also worked a full 15 minutes of uncompensated time around *every shift*; but even if she did, she would have alleged a total 39 hours and 45 minutes worked."); *see also DeJesus v. HG Mgmt. Servs., LLC*, 726 F.3d 85, 88-89 (2d Cir. 2013) ("The allegations in *Lundy* thus failed because of arithmetic:  tallying the plausible factual allegations, we could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime.").

In *Nakahata v. New York-Presbyterian Healthcare*, 723 F.3d 192 (2d Cir. 2013), the Second Circuit reinforced its holding in *Lundy*, affirming dismissal of FLSA overtime claims in which the plaintiffs "merely alleged that they were not paid for overtime hours worked."  *Id*. at 201.  Such perfunctory allegations, without greater specificity "raise the possibility that Plaintiffs were undercompensated in violation of the FLSA" for work performed during meal breaks, before and after shifts, or during training sessions; "however, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief."  *Id*.

Finally, in *DeJesus*, the Second Circuit affirmed dismissal of a claim for FLSA overtime that did no more than "rephras[e] the FLSA's formulation specifically set forth in section 207(a)(1)."  *DeJesus*, 726 F.3d at 89 (emphasizing that the "complaint tracked the statutory language of the FLSA, lifting its numbers and rehashing its formation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation").  The Second Circuit clarified that "*Lundy*'s requirement that plaintiffs must allege overtime without

5

compensation in a 'given' workweek, was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *Id*. at 90 (citation omitted).  Rather, the pleading standard "was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id*. (citing *Twombly*, 550 U.S. at 570).  To satisfy this standard, plaintiffs are not required to "keep careful records and plead their hours with mathematical precision"; however, the standard requires that plaintiffs provide "complaints with sufficiently developed factual allegations." *Id*.

      B.      **Application**

As a preliminary note, although it is *conceivable* that Plaintiff worked in excess of forty hours if the three time keeping practices converged during one particular week, the Court declines to analyze Plaintiff's distinctly pleaded claims in such an inclusive manner because to do so would cause the Court to engage in sheer speculation.  First, the Complaint is void of any allegations that such a convergence occurred.  Indeed, the three time keeping practices are pleaded as occurring during three separate weeks in different years.[4]  (Compl. ¶ 7.)  The rounding down practice allegedly occurred in 2010; the off-the-clock work allegedly occurred in 2012; and the uncompensated work during meal breaks allegedly occurred in 2013.  There is nothing in the Complaint that alleges that any of these practices occurred continuously throughout these years.

Second, *Lundy* discouraged courts from inferring that time keeping practices, pleaded separately, converged in one particular week.  *Lundy*, 711 F.3d 115.  One court has interpreted *DeJesus* as "temper[ing] the force of *Lundy* just enough" to allow claims with questionable

---

[4] As to the "rounding down" claim, the Court notes that the loss of fifteen (15) minutes on one shift occurred during the week of February 15, 2010 – February 19, 2010, and this Complaint was filed on October 10, 2013.  As such, it appears that this claim falls outside the three-year statute of limitations under the FLSA, but within the six-year statute of limitations under NYLL.  As such, the FLSA claim regarding "rounding down" may be time-barred.

mathematics, but otherwise specific facts, to survive dismissal. *See Anjum v. J.C. Penney Co., Inc.*, 2014 WL 5090018, at *16 (E.D.N.Y. Oct. 9, 2014) (granting in part and denying in part motion to dismiss FLSA overtime claims). However, most courts reject such claims as insufficiently pleaded under *Lundy*. *See, e.g.*, *Ramos v. City of New York Fire Dep't*, 2014 WL 2111687, at *5 (S.D.N.Y. May 9, 2014) (dismissing FLSA overtime claim under *Lundy* because, although "plaintiffs allege a variety of 'off the clock' activities that may have been required . . . the [amended complaint] fails to allege any single plaintiff engaged in such activities during a week that he or she worked more than 40 hours, or that these activities resulted in a single plaintiff working more than 40 hours in a week"); *see also Sampson v. Medisys Health Network, Inc.*, 2013 WL 1212655, at *5 (E.D.N.Y. Mar. 18, 2013) (dismissing FLSA overtime claim because "[e]ven if [Plaintiff] worked through her entire lunch break every day of the week, she would still have worked only forty (40) hours" and "[a]lthough the addition of training and/or pre- and post- shift work during such a week would have put [Plaintiff] over the forty (40) hour threshold requirement, [Plaintiff] has not alleged that this actually occurred in any week"). Finally, reaching the conclusion that such claims are insufficient "is underscored by the emphasis in [*Lundy*, *Nakahata*, and *DeJesus*] that an FLSA overtime claim must plausibly allege work in excess of forty hours and the accompanying failure to pay overtime in a *given* week." *Bustillos*, 2014 WL 116012, at *4 (emphasis added) (quotation omitted). Thus, the Court will evaluate Plaintiff's claims separately, as pleaded.

Turning to the instant action, Plaintiff's claims fail mathematically. Plaintiff regularly worked 37.5 hours per week. (Compl. ¶ 13.) To plead an FLSA overtime claim, Plaintiff must allege that she worked without compensation for some period of time beyond forty hours per week. *See Lundy*, 711 F.3d at 114; *see also Nakahata*, 723 F.3d at 201 n.10. In this case,

7

Plaintiff must allege that the challenged practices contributed to more than 2.5 hours (or 150 minutes) of uncompensated work. With respect to Plaintiff's challenge to Haven Manor's rounding practice, Plaintiff asserts that she was penalized only fifteen minutes during the week of February 15, 2010 – February 19, 2010. (Compl. ¶ 7.) This fifteen-minute deduction fails to push Plaintiff past the forty hour threshold. With respect to Plaintiff's challenge to Haven Manor's practice of requiring work during the Hourly Nurses' uncompensated lunch break, Plaintiff alleges that "during the week of approximately January 7, 2013 through January 11, 2013, [Plaintiff] worked for 15 minutes without compensation during each of her 5 meal breaks." (*Id*. ¶ 7.) The uncompensated time totals seventy-five minutes, which means that her total work for that week, again, falls far short of the forty-hour threshold.

These claims contain greater specificity than the allegations of "typical[]" or "consistent[]" overtime addressed in *Lundy*. *See Lundy*, 711 F.3d at 114-15. However, these claims are insufficient as "the hours alleged did not add up to a claim that over forty hours had been worked in any particular week." *DeJesus*, 726 F.3d at 88-89. In the wake of *Lundy* and its progeny, courts regularly dismiss such pleadings as insufficient. *See Perkins v. 199 SEIU United Healthcare Workers East*, 2014 WL 4651951, at *9 (S.D.N.Y. Sept. 17, 2014) (dismissing FLSA overtime claim because even when plaintiff's allegation that he was required to work during his half-hour uncompensated lunch is accepted as true, he was regularly scheduled to work 37.5 hours and as such, worked forty hours at most, not overtime); *Sampson*, 2013 WL 1212655, at *5 (dismissing FLSA overtime claim in which "plaintiffs have not alleged that they worked uncompensated time in excess of forty (40) hours in any particular week" because "[e]ven if [plaintiff] worked through her entire lunch break every day of the week, she would still have

8

worked only forty (40) hours"). Accordingly, Plaintiff's FLSA overtime claims for alleged uncompensated rounding and lunch time work are dismissed.

Plaintiff's claim regarding Haven Manor's practice of requiring uncompensated work before and after shifts is problematic as well. Plaintiff alleges that, "during the week of approximately December 17, 2012 through December 21, 2012, [Plaintiff] worked for 15-90 minutes without compensation after 2 of her shifts." (Compl. ¶ 7.) To survive a motion to dismiss, Plaintiff must plead that the uncompensated work that she was required to perform before or after her regularly scheduled shifts exceeded 150 minutes for any given week. Otherwise, like the claims discussed above, this claim fails mathematically. As pleaded, it is unclear whether Plaintiff worked in an uncompensated capacity in excess of forty hours during that particular week.

Courts have granted some leeway in cases in which the plaintiffs allege that they were scheduled to work forty or more hours per week and allege that time keeping practices "regularly," "typically" or "consistently" resulted in additional uncompensated work because, by nature of their scheduled shifts, those plaintiffs established that they worked forty hours during a given week. *See, e.g.*, *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 455-57 (S.D.N.Y. 2014) (denying motion to dismiss FLSA overtime claim challenging time keeping practices that "regularly" resulted in uncompensated work because that uncompensated work occurred in addition to the scheduled shifts of forty or more hours per week). In such cases, any additional uncompensated work, however generally or specifically pleaded, constituted hours worked in excess of forty, thereby "nudg[ing] the[] claim from conceivable to plausible." *Id*. at 455 (quoting *DeJesus*, 726 F.3d at 90) (quotation marks omitted). Under these circumstances, courts have permitted plaintiffs greater latitude in pleading the specifics of uncompensated overtime

9

work, such as dates and time worked. *Id.* (distinguishing the *Mendez* plaintiffs from the *Lundy* plaintiffs on the ground that "the issue in *Lundy* was that the three plaintiffs alleged that they typically worked under forty hours per week, but occasionally they may have worked more than forty hours per week due to missing meal breaks, working before or after scheduled shifts and training or staff meetings").

However, the instant action is more akin to *Lundy*, as Plaintiff alleges that she was scheduled to work 37.5 hours, not forty, and none of the uncompensated time worked brings the weekly hours worked to forty, much less amount to overtime. (Compl. ¶ 13.) Thus, the uncertainty of Plaintiff's overtime claim, as pleaded, makes it insufficient. "[T]heoretical" pleadings, in which a plaintiff may or may not have worked overtime are considered to be nothing more than "low-octane fuel for speculation." *Lundy*, 711 F.3d 115; *see Ramos*, 2014 WL 2111687, at *5 ("The Second Circuit's decisions in *Lundy, Nakahata* and *DeJesus* do not . . . permit . . . pleading by implication."); *cf. Sampson*, 2013 WL 1212655, at *5 (dismissing FLSA overtime claim because none of the alleged employment practices on their own resulted in a workweek in excess of forty hours and declining to find, when the pleadings are otherwise silent, that the practices converged in one particular workweek to push plaintiff past the forty hour threshold). Accordingly, Plaintiff's FLSA overtime claim for uncompensated work performed before and after her shifts is dismissed.

**II.     Supplemental Claims**

The "traditional values of judicial economy, convenience, fairness, and comity" weigh in favor of declining to exercise supplemental jurisdiction when all federal law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having dismissed all of the

federal claims in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law and regulatory causes of action. *See id.* (citing 28 U.S.C. § 1367(c)(3)).

## CONCLUSION

For the foregoing reasons, Haven Manor's motion for judgment on the pleadings is granted and this case is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
March 10, 2015

>                     /s/
> DORA L. IRIZARRY
> United States District Judge